**Opinion filed April 9, 2015**



In The

# Eleventh Court of Appeals

_____

## No. 11-14-00277-CV

_____

## IN THE INTEREST OF T.M.J., A CHILD

On Appeal from the 326th District Court

Taylor County, Texas

Trial Court Cause No. 7299-CX

## M E M O R A N D U M   O P I N I O N

The trial court entered an order in which it terminated the parental rights of the mother and father of T.M.J. and named the Department of Family and Protective Services as the permanent managing conservator of the child. The mother appeals.[1] We affirm.

### *Issue on Appeal*

The mother presents one issue for review. In her issue, she asserts that the evidence is "factually" insufficient to support the finding that termination of her

_____

[1]The father voluntarily relinquished his parental rights and does not appeal.

parental rights is in the best interest of the child. In the argument under that issue, she sets out the standard of review for both legal and factual sufficiency. Therefore, we will address both.

*Termination Standards*

Termination of parental rights must be supported by clear and convincing evidence. TEX. FAM. CODE ANN. § 161.001 (West 2014). To determine on appeal if the evidence is legally sufficient in a parental termination case, we review all of the evidence in the light most favorable to the finding and determine whether a rational trier of fact could have formed a firm belief or conviction that its finding was true. *In re J.P.B.*, 180 S.W.3d 570, 573 (Tex. 2005). To determine if the evidence is factually sufficient, we give due deference to the finding and determine whether, on the entire record, a factfinder could reasonably form a firm belief or conviction about the truth of the allegations against the parent. *In re C.H.*, 89 S.W.3d 17, 25–26 (Tex. 2002).

To terminate parental rights, it must be shown by clear and convincing evidence that the parent has committed one of the acts listed in Section 161.001(1)(A)–(T) and that termination is in the best interest of the child. FAM. § 161.001. In this case, the trial court found that the mother had committed one of the acts listed in Section 161.001(1). The trial court found that the mother had failed to comply with the provisions of a court order stating the actions necessary for her to obtain the return of the child. *See id.* § 161.001(1)(O). The mother does not challenge the finding made pursuant to Section 161.001(1). This unchallenged finding was sufficient to support termination as long as termination was shown to be in the child's best interest. *See id.* § 161.001. The trial court also found that termination was in the child's best interest. *See id.* § 161.001(2).

2

## Best Interest of the Child

With respect to the best interest of a child, no unique set of factors need be proved. *In re C.J.O.*, 325 S.W.3d 261, 266 (Tex. App.—Eastland 2010, pet. denied). But courts may use the non-exhaustive *Holley* factors to shape their analysis. *Holley v. Adams*, 544 S.W.2d 367, 371–72 (Tex. 1976). These include, but are not limited to, (1) the desires of the child, (2) the emotional and physical needs of the child now and in the future, (3) the emotional and physical danger to the child now and in the future, (4) the parental abilities of the individuals seeking custody, (5) the programs available to assist these individuals to promote the best interest of the child, (6) the plans for the child by these individuals or by the agency seeking custody, (7) the stability of the home or proposed placement, (8) the acts or omissions of the parent that may indicate that the existing parent-child relationship is not a proper one, and (9) any excuse for the acts or omissions of the parent. *Id.* Additionally, evidence that proves one or more statutory grounds for termination may also constitute evidence illustrating that termination is in the child's best interest. *C.J.O.*, 325 S.W.3d at 266.

The record shows that the Department originally received an intake based upon the mother's neglectful supervision of the child. The Department's caseworker indicated that the mother had been abusing prescription pills—hydrocodone and OxyContin—and that she had also been using heroin. A friend of the mother reported that the friend had taken a used heroin needle away from the child. The mother had endangered the child, and the child was removed from the mother's care.

A service plan was initiated and adopted by the trial court. At the time of the final hearing on termination, the child was four years old and had been in the care of the Department for two and one-half years. The trial court had given the mother extra time to complete her services, but she still failed to complete the services as required. The mother apparently did not take the service plan seriously. When asked

how much the mother had complied with the service plan, the caseworker answered, "Very little." The mother "wholly failed" to comply with her service plan. She continued to use drugs, failed to perform a drug and alcohol assessment, failed to maintain stable housing and stable employment, failed to regularly visit the child, and failed to stay in contact with the Department. The Department was unable to locate the mother during much of the case. While this case was pending, the mother had spent three months in jail after taking a prohibited substance into a correctional facility; she testified that she had been placed on "deferred probation" for four years as a result of this charge.

Although the mother testified that she had been clean for a period of eight months during 2012 and that she had recently obtained stable housing and employment, she had a history of drug abuse that included positive results on drug tests taken while this case was pending. The mother admitted that she used drugs after T.M.J. was taken away. Additionally, there was evidence indicating that the child was present when the mother was using drugs and that the child had access to drugs or drug paraphernalia. The mother acknowledged that she had "made the wrong choices," but she testified that she loved her daughter and desperately wanted to be a part of her life. The caseworker did not believe that the mother was able to provide a safe environment for the child.

At the time of the termination hearing, the mother had not seen the child in over thirteen months. The child had been placed in the same foster-to-adopt home during the entire two and one-half years that she was in the Department's care. The testimony indicated that she was doing very well in that home and had an extremely close bond with the foster family. According to the caseworker, the child has blossomed and loves being in the foster family's home. The care provided in that home appears to have been impeccable and continues to meet all of the child's physical, emotional, and developmental needs. The foster parent expressed a desire

4

to adopt the child, and the Department's goal for the child was for the child to be adopted by the foster parent.[2]  Evidence showed that the foster parent and his partner had the skills and finances to take care of the child, that they took advantage of the services and programs offered by the Department, that they offered stability and a nurturing environment for the child, that they had a stable home, and that the child considered them to be her parents.  The foster father testified that the child no longer asks about her mother, and he believed that termination would be in the child's best interest.

Based upon the evidence in the record and the *Holley* factors, we cannot hold that the trial court's best interest finding is not supported by clear and convincing evidence; the trial court could reasonably have formed a firm belief or conviction that it would be in the best interest of the child for the mother's parental rights to be terminated.  The evidence is both legally and factually sufficient to support the best interest finding.  We overrule the mother's sole issue.

*This Court's Ruling*

We affirm the trial court's order of termination.

JOHN M. BAILEY

JUSTICE

April 9, 2015

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

---

[2]While the Department's stated goal for the child is adoption by the foster parent, the trial court's order that is the subject of this appeal does not provide for adoption of the child.  Accordingly, we express no opinion on the potential adoption of the child by the foster parent because that issue is not before us.